## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOWTECH, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 1:25-cv-01224-UNA |
| TRUTH ARCHERY LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Bowtech, LLC ("Bowtech"), for its Complaint against defendant Truth Archery LLC ("Defendant" or "Truth Archery"), states and alleges as follows:

### PARTIES

1.    Bowtech is a limited liability company organized and existing under the laws of the state of Delaware, with a principal place of business location at 90554 Highway 99 N, Eugene, OR 97402.

2.    Upon information and belief, Defendant is a Delaware limited liability company with its principal place of business at 9100 Conroy Windermere Road, Suite 200, Windermere, FL 34786. Defendant is in the business of designing, developing, manufacturing, marketing, and selling archery bows and products for recreational, hunting, and archery related activities.

### JURISDICTION AND VENUE

3.    This is an action for patent infringement arising out of at least Defendant's unauthorized manufacturing, offering for sale, and/or selling of archery bows in violation of Bowtech's rights under the Patent Laws of the United States, 35 U.S.C. §1, et seq. Because this action arises under the patent laws of the United States, 35 U.S.C. § 271, et seq., this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).

4.    This Court has personal jurisdiction over Defendant because it is organized in Delaware. Furthermore, upon information and belief, Defendant regularly transacts business in the State of Delaware and has committed acts of infringement in this District by offering for sale and selling infringing products within this District.

5.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendant is organized under the laws of Delaware and resides in this District. Further, Defendant has committed acts of infringement within this District, including but limited to the sale, offer for sale and use of the Accused Instrumentalities identified below.

**PATENT-IN-SUIT**

6.    On June 20, 2017, the U.S Patent and Trademark Office duly and legally issued U.S. Patent No. 9,683,806 ("the '806 Patent"), titled "Compound Archery Bow With Adjustable Transverse Position of the Pulley Assembly." A true and accurate copy of the '806 Patent is attached hereto as Exhibit 1.

7.    Bowtech is the assignee of the '806 Patent and owns all rights, title and interest in and to the '806 patent, including the sole and exclusive right to prosecute this action and enforce the '806 Patent against infringers and to collect damages for all relevant times.

8.    A typical compound archery bow includes one or two power cables, one in a single—or hybrid—cam bow or two in a dual-cam bow. Each power cable is engaged at one end to be taken up by a power cable take-up mechanism on a corresponding pulley, also commonly referred to as a "cam", mounted on one of the bow limbs. The other end is coupled to the bow (usually to the other limb or to an axle or pulley member on the other limb). As the bow is drawn and the pulley members rotate, take-up of the power cable on the pulleys causes deformation of the bow limbs, usually by pulling them toward one another, so as to store energy in the bow.

2

That stored energy is released when the bow is shot, and the bow limbs return to their initial shapes. Consequently, the power cable is under considerable tension when the bow is drawn, and that tension produces forces and torques on the pulley members and limbs of the bow. Because the power cable is flexible, the lines of force necessarily are parallel to each free segment of the power cable.

9.    If left in a straight path from one pulley member to the other, the power cable would interfere with movement of the arrow in the shooting plane of the bow (i.e., a plane defined by movement of the draw cable as the bow is drawn and then shot). However, lateral deflection of a power cable out of the shooting plane also causes the lines of force applied by that power cable to be misaligned with respect to the shooting plane. Such an arrangement can produce undesirable lateral deflection or twisting of the pulley members or the limbs, in turn leading potentially to shooting inaccuracy, poor arrow flight, accelerated wear or damage, or other problems.

10.    The '806 Patent resulted from efforts to solve this inherent problem of power cable deflection arising from misaligned power cables with respect to the shooting plane. The unique and novel technology claimed in the '806 Patent allows a pulley member to be adjustable on its transverse axis so as to reposition or align the power cable(s), thereby providing the user the ability to optimize pulley position to ensure accuracy of the compound bow.

**THE ACCUSED INSTRUMENTALITIES**

11.    Defendant has infringed one or more claims of the '806 Patent by making, using, selling, and offering to sell compound archery bows under the brand names, including, but not limited to, the Truth 31 MG, 33 MG, 35 MG, and 33AL models (the "Truth Archery Bows") (hereinafter, the "Accused Instrumentalities") and other substantially similar products offered by

Defendant. Below is an exemplary Accused Instrumentality featuring the KSET Cam

Adjustment System.

 

12.    Defendant promotes and advertises that the Accused Instrumentalities have

incorporated a so-called KSET Cam Adjustment System, which allows the user to optimize bow

performance and accuracy by laterally adjusting the bow's pulleys left or right depending on

tuning needs, as illustrated below.

 

**System adjusted all the way to the left   vs.   System adjusted all the way to the right**

### Count I: Infringement of the '806 Patent

13.    The allegations of paragraphs 1-12 are incorporated as if fully set forth herein.

14.    Defendant directly infringes, literally and/or under the doctrine of equivalents, one or more claims of the '806 Patent by making, using, importing into the U.S., offering to sell, and/or selling at least the Accused Instrumentalities. Defendant's infringement is in violation of 35 U.S.C. §271(a).

15.    For example, Defendant's Accused Instrumentalities include a compound archery bow that includes the following each and every limitation of Claim 1 of the '806 Patent:

Claim 1: A compound archery bow comprising:

(a) a substantially rigid riser;

(b) a first resilient bow limb extending from a first end portion of the riser;

(c) a second resilient bow limb extending from a second end portion of the riser;

5

(d) a first transverse axle and a first pulley member, wherein the first transverse axle is mounted on the first bow limb so as to define a first transverse axis, the first pulley member is connected to the first transverse axle between spaced-apart end portions of the first bow limb, the first pulley member is rotatable relative to the first bow limb around the first rotation axis, and the first pulley member includes a first draw cable groove and a power cable take-up mechanism;

(e) a second transverse axle and a second pulley member, wherein the second transverse axle is mounted on the second bow limb so as to define a second transverse axis, the second pulley member is connected to the second transverse axle between spaced-apart end portions of the second bow limb, the second pulley member is rotatable relative to the second bow limb around the second rotation axis, and the second pulley member includes a second draw cable groove;

(f) a draw cable engaged with the first and second draw cable grooves and arranged to rotate the first and second pulley members as the bow is drawn and the draw cable is let out from the first and second draw cable grooves; and

(g) a power cable (i) engaged to be taken up by the power cable take-up mechanism of the first pulley member as the bow is drawn and the first pulley member rotates and (ii) coupled to the bow so as to cause deformation of one or both bow limbs as the power cable is taken up,

(h) wherein the first pulley member is fixed at any one of multiple transverse positions along the first rotation axis relative to the first bow limb by one or both of: (i) the first transverse axle being retained on the first bow limb at any one of multiple axle positions along the first rotation axis by engagement of the first transverse axle with the first bow limb, or (ii) the first pulley member being retained on the first transverse axle at any one of multiple pulley positions along the first transverse axle by engagement of the first pulley member with the first transverse axle.

16.    As shown above, and in the images below specifically depicting Truth 33 MG, Defendant's Accused Instrumentalities, which include the KSET Cam Adjustment System, comprise a substantially rigid riser with resilient bow limbs, transverse axles with respective transverse axes, rotatable pulley members with a draw cable groove and power cable take-up mechanism, draw cable engaged with the first and second draw cable groove and a power cable. On information and belief, all of Defendant's Accused Instrumentalities function in a similar

manner with respect to the KSET Cam Adjustment System, and that the Truth 33 MG depicted below is representative of the Accused Instrumentalities.



17.    As shown above, and in the images below, Defendant's Accused Instrumentalities, which include the KSET Cam Adjustment System, further comprise a first transverse axle being retained on a first bow limb at any one of multiple axle positions along a first rotation axis by engagement of the first transverse axle with the first bow limb.

 

**System adjusted all the way to the left   vs.   System adjusted all the way to the right**

18.    The Accused Instrumentalities also infringe under the Doctrine of Equivalents as their structure performs substantially the same function (first transverse axle being retained on the first bow limb at any one of multiple axle positions along the first rotation axis) in substantially the same way (by engagement of the first transverse axle with the first bow limb) to achieve substantially the same result (first pulley member is fixed at any one of multiple transverse positions along the first rotation axis relative to the first bow limb).

19.    Defendant's acts of infringement have caused and continue to cause damage to Bowtech, and Bowtech is entitled to recover from Defendant the damages sustained by Bowtech in an amount to be determined at trial. On information and belief, Defendant's had knowledge of the '806 Patent well-before developing the KSET Cam Adjustment System in the Accused Instrumentalities. Defendant's infringement of the '806 Patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Bowtech's rights under the patent.

20.    Bowtech has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Bowtech has and will continue to suffer this harm by virtue of each Defendant's infringement of the '806 Patent.

21.    On information and belief, Defendant will continue to infringe the '806 Patent unless and until Defendant is enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Bowtech respectfully requests that this Court enter judgment in its favor and against Defendant, as follows:

A.    To enter judgment that Defendant has infringed the '806 Patent in violation of 35 U.S.C. §271;

B.    To enter orders preliminarily and permanently enjoining Defendant and its officers, agents, directors, servants, employees, attorneys, representatives, parents, subsidiaries, affiliates, and all of those in active concert, privity or participation with them and their successors and assigns, from infringing the '806 Patent;

C.    Enter judgment that Defendant's acts of infringement have been willful and deliberate;

D.    To award Bowtech its damages in an amount adequate to compensate Bowtech for Defendant's infringement of the '806 Patent consistent with 35 U.S.C. § 284, up to and including treble the amount of actual damages assessed, together with costs, and prejudgment and post-judgment interest;

E.    To declare this case to be "exceptional" under 35 U.S.C. § 285 and to award Bowtech its attorneys' fees, expenses, and costs incurred in this action; and

  F.  To award Bowtech such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Bowtech respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

      SWARTZ CAMPBELL LLC

      */s/ Joseph S. Naylor*
      Joseph S. Naylor (DE Bar No. 3886)
      300 Delaware Avenue, Suite 1410
      Wilmington, DE 19801
      (302) 656-3935
      jnaylor@swartzcampbell.com

      Of counsel:

      Michael R. Annis (47374MO)*
      Brendan G. McDermott (70233MO)*
      **HUSCH BLACKWELL LLP**
      8001 Forsyth Boulevard, Suite 1500
      St. Louis, Missouri 63105
      Telephone: (314) 480-1500
      Mike.Annis@huschblackwell.com
      Brendan.McDermott@huschblackwell.com
       *Pro hac vice forthcoming*

      Attorneys for Plaintiff
      BOWTECH, LLC

October 2, 2025